**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **Robert Rhinehart,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Case No.:** 1:21-cv-810 |
| | ) |
| **Stenger & Stenger, PC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional."  Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability.  Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

**Parties**

10. The Plaintiff, Robert Rhinehart (hereinafter "Mr. Rhinehart"), is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Stenger & Stenger, PC (hereinafter referred to as "Defendant"), is a debt collection law firm operating from an address at 2618 E. Paris Avenue SE, Grand Rapids, MI 49546.

14. The Defendant is a debt collection law firm authorized to conduct business in the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**Factual Allegations**

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. Prior to September 11, 2020, Mr. Rhinehart opened a revolving charge account with Capital One Bank (USA) N.A. (acct #:  *******1166).  Unfortunately, due to circumstances beyond his control, Mr. Rhinehart could not pay this financial obligation and the debt went into default.

26. Prior to September 11, 2020, Mr. Rhinehart retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

27. On September 11, 2020, and September 15, 2020, John Steinkamp & Associates sent two (2) separate letters of representation to Capital One Bank, the original creditor, informing Capital One Bank of its legal representation of Mr. Rhinehart.  *See Exhibits "2" attached hereto.*

28. Upon information and belief, at some point prior to February 5, 2021, Defendant was made aware that John Steinkamp & Associates was the legal representative for Mr. Rhinehart.

29. On February 5, 2021, at approximately 1:31 pm, an employee of Stenger & Stenger called the office of John Steinkamp & Associates and spoke with Kristi Antrim, a paralegal employed by John Steinkamp & Associates.  During this telephone conversation, Kristi Antrim confirmed the continued legal representation of Robert Rhinehart by the law firm of John Steinkamp & Associates.

30. Despite several different notifications of legal representation, Defendant sent a dunning letter dated February 15, 2021, directly to Mr. Rhinehart in an attempt to collect a debt for Capital One Bank (USA) N.A. (acct #: *******1166).  *See Exhibit "3" attached hereto.*

31. By contacting a consumer it knew to have legal representation, the Defendant violated the FDCPA. There is no requirement that notification of legal representation be formal or in writing—oral notification is sufficient.  *See e.g.*, Horky v. J.V.D.B. & Assoc., Inc., 333 F.3d 769 (7th Cir. 2003)(consumers need not provide §1682c(a)(3) notices in legally precise fashion); Backlund v. Messerli & Kramer, P.A., 964 F.Supp.2d 1010 (D. Minn. 2013)(phone notice acceptable); Day v. Am. Home Mortg. Serv., Inc., 2010 WL 2231988 (E.D. Cal. 2010)(no requirement that collector be informed of representation in writing).

32. Mr. Rhinehart's injuries constitute an injury-in-fact. Defendant's violations are material as the unsophisticated consumer, who has retained counsel to represent his regarding the debt at issue in this matter, was left with the impression that retaining legal counsel was futile and that he did not have the rights Congress granted to him under the FDCPA. Defendant's violations of the FDCPA constitute more than just bare procedural

violations.  Mr. Rhinehart was alarmed, shocked, and distressed that Defendant continued to contact him directly even though he had legal counsel.

33. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

### First Claim for Relief: Violation of the FDCPA

1. The allegations of Paragraphs 1 through 33 of the complaint are realleged and incorporated herewith by references.

2. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692c because Defendant continued to contact Plaintiff despite knowledge that he had legal representation for the debt at issue in this matter.

3. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to contact a represented consumer when it had notice of legal representation.

2. The Defendant violated 15 U.S.C. § 1692e by representing to the Plaintiff that it was able to continue to contact him directly in attempts to collect a debt despite being prohibited from doing so by the FDCPA.

3. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to contact directly a consumer it knew to have legal representation.

4. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.   Such other and further relief as the Court deems just and proper.


Respectfully submitted,

<u>/s/ John T. Steinkamp</u>
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: john@johnsteinkampandassociates.com